
JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carl Jones
1337 James Street
Chester, PA 19013

**(b)** County of Residence of First Listed Plaintiff: **Chester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph Oxman, Esquire, OXMAN GOODSTADT KURITZ, PC
111 S. Independence Mall East, Suite 740
Philadelphia, PA 19106 (215) 665-9999

## DEFENDANTS
Officer Richard Barth, 1840 Harris Street, Chester, PA 19013
Chester Township, 1150 Engle Street, Chester, PA 19013
Tammy Strand-Yarbray, 1720 Melrose Avenue, Chester, PA 19013

County of Residence of First Listed Defendant: **Chester**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS – PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS – PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. Section 1983
Brief description of cause:
1983 Civil Rights Case

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 06/11/2014
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Carl Jones | : | CIVIL ACTION |
| v. | : | |
| Officer Richard Barth, Chester Township, and Tammy Strand-Yarbray | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| | | |
|---|---|---|
| 06/11/2014 | Joseph Oxman, Esquire | Carl Jones |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 665-9999 | (215) 569-8811 | Oxmanj@ogklawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Carl Jones | : | CIVIL ACTION |
| v. | : | |
| Officer Richard Barth, Chester Township, and Tammy Strand-Yarbray | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| 06/11/2014 | Joseph Oxman, Esquire | Carl Jones |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 665-9999 | (215) 569-8811 | Oxmanj@ogklawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____1337 James Street, 322 Emily Street, Philadelphia PA 19148_____

Address of Defendant: _____1840 Harris Street, Chester, PA 19013; 1150 Engle Street, Chester, PA 19013; and 1720 Melrose Avenue, Chester, PA 19013_____

Place of Accident, Incident or Transaction: _____Chester PA_____
(*Use Reverse Side For Additional Space*)

Does this civil action involve a non-governmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, _____Joseph Oxman, Esquire_____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __June 11, 2014__    _____    __207956__
                                  Attorney-at-Law                       Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __June 11, 2014__    _____    __207956__
                                  Attorney-at-Law                       Attorney I.D.#

CIV. 609 (5/2012)

OXMAN, GOODSTADT, & KURITZ
BY: **JOSEPH S. OXMAN, ESQUIRE**
IDENTIFICATION NO: 207956
111 South Independence Mall East, Suite 740
Philadelphia, PA 19106
(215) 665-9999
Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARL JONES**<br>1337 James Street<br>Chester, PA. 19013<br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>**OFFICER RICHARD BARTH**<br>1840 Harris Street<br>Chester, PA 19013<br><br>**CHESTER TOWNSHIP**<br>1150 Engle Street<br>Chester, PA. 19013<br><br>And<br><br>**TAMMY STRAND-YARBRAY**<br>Chester Upland School District<br>Administration Building<br>1720 Melrose Avenue<br>Chester, PA 19013<br>　　　　　　　　　　Defendants. | **CIVIL ACTION NO.**<br><br>**District Judge**<br><br>**COMPLAINT FOR VIOLATIONS OF THE 4TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, SECTION 1983 OF THE CIVIL RIGHTS ACT, FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

　　　　Plaintiff, Carl Jones, by way of Complaint against defendants says:

### PARTIES

1. Plaintiff, Carl Jones, is an adult individual and citizen of the State of Pennsylvania, residing in Chester.

2. Defendant, Tammy Strand-Yarbray, is an adult individual and citizen of the State of Pennsylvania, residing in Chester.

3. Defendant, Chester Township, was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, with a principal place of business located at 1150 Engle Street, Chester, PA. 19013.

4. Defendant, Officer Richard Barth, was at all times relevant an employee of the defendant, Chester Township. At all times herein mentioned, defendant Officer Barth, was acting under the color of law and in his individual capacity as police officer of the defendant, Chester Township.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the lawsuit because the action arises under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. § 1983. Plaintiff was deprived of his rights secured to him under the Constitution and the laws of the United States including, but not limited to, his right to be secure in his person and property and be free from unlawful arrests and seizures when no probable cause exists. Plaintiff, Carl Jones, was arrested and charged without probable cause. Plaintiff, Carl Jones, was additionally falsely and maliciously prosecuted without any cause or legal justification.

6. The Court has supplemental jurisdiction under 28 U.S.C § 1367 over plaintiff's claims arising under State law, including but not limited to violations of his State rights against defendants for, false arrest, malicious prosecution, and intentional infliction of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the claims at issue arose in this judicial district.

## COMPLAINT
## GENERAL ALLEGATIONS

8. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

9. In May of 2012, plaintiff entered into a contract with defendant, Tammy Strand-Yarbray, to repair Yarbray's outdoor deck and resurface her driveway.

10. A contract price of $2,650.00, with a $350.00 initial deposit, was negotiated between plaintiff and defendant Yarbray for the above mentioned work to be performed by plaintiff.

11. When plaintiff started the repairs on defendant Yarbrays deck, it became apparent to him that the deck was un-repairable due to a completely rotted header board.

12. Plaintiff told Yarbray that the deck needed to be completely replaced, due to the above mentioned unsafe condition. With the above information, defendant Yarbray cancelled the contract.

13. Plaintiff then told Yarbray that he would refund Yarbray the $350.00 deposit minus a $150.00 service charge for the work he did perform on the deck by the end of the week.

14. Approximately 48 hours after the cancellation of the contract between the plaintiff and Yarbray, plaintiff received a phone call from defendant, Officer Richard Barth in which Barth accused the plaintiff of theft. Plaintiff then told Officer Barth the terms of the cancellation of his contract with Yabray and additionally

informed Officer Barth that he was going to give Yarbray her refund at the end of the day.

15. Plaintiff then went to Yarbray's house and refunded her money per the terms of the cancellation of the contract. Plaintiff additionally got a receipt from Yarbray for the refund.

16. The next day, plaintiff received an additional phone call from Officer Barth stating to plaintiff, "Unless you give Tammy all her money back, I'm going to issue a warrant for your arrest." Plaintiff told Officer Barth that the contract had been resolved.

17. Approximately one month later, on June 12, 2012, plaintiff was issued a warrant for his arrest and charged with Theft by Deception, Theft by Unlawful taking of movable Property and Receiving Stolen Property, by defendant Officer Barth.

18. Plaintiff was arraigned on the above mentioned charges in August of 2012.

19. Plaintiff endured eleven months of criminal litigation regarding the above mentioned charges against him, which cost the plaintiff $1,500.00 in criminal defense fees.

20. On January 25, 2013, all of the above charges against the plaintiff were dismissed by Judge Kevin Kelly of the Delaware County Court of Common Pleas.

**COUNT I**
**PLAINTIFF CARL JONES VS. OFFICER RICHARD BARTH**
**THE RIGHT OF PEOPLE TO BE SECURE IN THEIR PERSONS UNDER THE 4th AMENDMENT OF THE UNITED STATES CONSTITUTION**
**FALSE ARREST AND MALICIOUS PROSECUTION UNDER SECTION 1983, CIVIL RIGHTS ACT**

21. The allegations contained above are incorporated herein as though fully set forth.

22. The above described actions of defendant, Officer Richard Barth, constitute violations of plaintiff's constitutionally protected right to be secure in his person as provided by the 4th Amendment of the United States Constitution.

23. The arrest of plaintiff, by defendant Barth was carried out unlawfully, intentionally and maliciously, without just or probable cause, for the express purpose of trying to justify the illegal false arrest and malicious prosecution of plaintiff.

24. The arrest of plaintiff by defendant Barth violated plaintiff's rights under the United States Constitution and the Laws of the State of Pennsylvania.

25. The actions of defendant Barth, as a police officer, was committed under color of law and authority of defendant Chester Township and its police department, and while acting in his individual capacity as a police officer. The actions or inactions of the defendant Barth recklessly disregarded and therefore deprived plaintiff of his rights under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. § 1983, including but not limited to the right to be secure in this person, to be free from unlawful arrests.

## COUNT II
## PLAINTIFF CARL JONES VS. CHESTER TOWNSHIP
## FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE DEFENDANT RICHARD BARTH UNDER MONNELL

26. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

27. Defendant, Chester Township and its police department, as a matter of policy and practice failed to discipline, train, supervise or otherwise sanction police officer Richard Barth who has violated the rights of citizens, including the plaintiff's,

thus encouraging defendant officer Barth, in this case, to engage in the unlawful and actionable conduct described above.

28. Defendant, Chester Township and its police department as a further matter of policy and practice failed to train properly its police officer, Richard Barth, with respect to the constitutional, statutory and departmental limits of his authority.

29. The defendant, Chester Township and its Police Department were on actual notice of a need to train, supervise, discipline or terminate defendant Richard Barth, prior to the incident in question, as other similar incidents have occurred in the past involving defendant Richard Barth.

## COUNT III
## PLAINTIFF CARL JONES VS. OFFICER RICHARD BARTH AND TAMMY STRAND-YARBRAY
## MALICIOUS PROSECUTION

30. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

31. The actions of defendants amount to a malicious prosecution under both 28 U.S.C. section 1983 and the common law.

## COUNT IV
## PLAINTIFF CARL JONES VS. OFFICER RICHARD BARTH AND TAMMY STRAND-YARBRAY
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. The allegations contained above are incorporated herein as though fully set forth.

33. The above described false allegations against the plaintiff by defendant Yarbray and the illegal arrest of the plaintiff by defendant Barth constitutes an assault and

battery, as a result of which, plaintiff was injured and sustained severe and significant emotional distress.

## PLAINTIFF CARL JONES VS. OFFICER RICHARD BARTH, TAMMY STRAND-YARBRAY AND CHESTER TOWNSHIP
## DAMAGES

34. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

35. As a direct and proximate result of the defendants' conduct, plaintiff suffered severe mental anguish in the past and future and was deprived of his State and Federal Constitutional Rights as aforementioned, has and will have suffered economic damages and was otherwise damaged.

36. The plaintiff has suffered and will suffer in the future from permanent residuals.

## ATTORNEY FEES

37. It was necessary for plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

## PRAYER

38. The above paragraphs are repeated and incorporate herein by reference as if set forth in full.

39. Plaintiff demands judgment against defendants Yarbray and Barth individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

40. Plaintiff demands judgment against defendant, Chester Township, jointly and/or in the alternative for: compensatory damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

### PLAINTIFF'S DEMAND FOR JURY TRIAL

41. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

JOSEPH OXMAN, ESQUIRE
Attorney for Plaintiff

## **VERIFICATION**

The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

_____
PLAINTIFF