IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARL JONES**<br>*Plaintiff*<br><br>v.<br><br>**OFFICER RICHARD BARTH, *et al.***<br>*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br>**NO. 14-3423** |

NITZA I. QUIÑONES ALEJANDRO, J. JANUARY 15, 2015

## MEMORANDUM OPINION

**INTRODUCTION**

Before this Court is a *motion to dismiss* filed by Defendants Officer Richard Barth ("Defendant Barth") and Chester Township ("Defendant Chester Township") (collectively "Defendants") pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6), seeking to dismiss the federal claims for civil rights violations brought under 42 U.S.C. §1983 ("§1983"), and the state law claims of false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress asserted by Carl Jones ("Plaintiff") against them, [ECF 9], and Plaintiff's response in opposition. [ECF 13]. The issues have been fully briefed, and for the reasons stated herein, the motion to dismiss is granted.

**BACKGROUND**

Plaintiff filed a complaint on June 11, 2014, [ECF 1], and an amended complaint on July 22, 2014, [ECF 6],[1] in which he seeks monetary compensation, for the violation of his civil rights

---

[1] The amended complaint was filed in response to Defendants' motion to dismiss the initial complaint.

under §1983 and the false arrest, false imprisonment,[2] malicious prosecution, and intentional infliction of emotional distress claims brought under state law, from Defendants.[3] Each of these claims is premised upon Plaintiff's contention that Defendant Barth lacked probable cause to have a warrant issued for his arrest. On August 5, 2014, Defendants filed the instant motion to dismiss, which Plaintiff opposes.

When ruling on a motion to dismiss, this Court must accept, as true, all relevant factual allegations in the amended complaint. These allegations can be summarized as follows:

> Sometime in May 2012, Plaintiff entered into a contract with Tammy Strand-Yarbray ("Strand-Yarbray") to repair her outdoor deck and resurface her driveway, (Amend. Comp. ¶9), for $2,650.00, which included a $350.00 deposit. (*Id.* at ¶10).[4]
>
> Plaintiff began the repairs, but it became apparent to him that the deck had a completely rotten header board and was unrepairable. (*Id.* at ¶11). Plaintiff told Strand-Yarbray that the deck needed to be completely replaced, and based on this information, Strand-Yarbray cancelled the contract. (*Id.* at ¶12).
>
> Strand-Yarbray requested the return of her deposit and Plaintiff advised her that he would refund the deposit minus $150.00 service charge, for the work performed. (*Id.* at ¶13). Approximately 48 hours later, Plaintiff received a telephone call from Defendant Barth who accused Plaintiff of theft. (*Id.* at ¶14). Plaintiff explained to Defendant Barth the terms of the contract cancellation and that he intended to give Strand-Yarbray her refund at the end of the day. (*Id.* at ¶14). Plaintiff then went to Strand-Yarbray's house, gave her the refund, and obtained a receipt for it. (*Id.* at ¶15).
>
> The next day, Plaintiff received another phone call from Defendant Barth, during which Defendant Barth said, "Unless you give Tammy all her money back,

---

2 Though Plaintiff lists "false imprisonment" in the caption of his amended complaint, nowhere does Plaintiff assert a claim for false imprisonment.

3 In the amended complaint, Plaintiff also asserts state law claims against defendant Tammy Strand-Yarbray, who filed a *pro* se answer to the amended complaint, [ECF 10], and did not move to dismiss the claims asserted against her.

4 Nowhere in the amended complaint does Plaintiff specify whether the contract was oral or written, nor does he attach a copy if, in fact, the agreement was written.

I'm going to issue a warrant for your arrest." (*Id.* at ¶16). Plaintiff told Defendant Barth that the contract issue had been resolved. (*Id.* at ¶16).

On June 12, 2012, a warrant was issued for Plaintiff's arrest on three charges: theft by deception; theft by unlawful taking of movable property; and receiving stolen property. (*Id.* at ¶17). Plaintiff was arraigned in August 2012, and held on $1,000.00 unsecured bail on all charges. (*Id.* at ¶18). The charges against Plaintiff were dismissed on January 25, 2013. (*Id.* at ¶20).

**LEGAL STANDARD**

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [her] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

In the amended complaint, Plaintiff asserts various federal civil rights violation claims against Defendants which are the subject of the motion to dismiss. These alleged violations will be discussed *seriatim*.

At Count I, Plaintiff asserts claims under §1983 against Defendant Barth for false arrest and malicious prosecution[5] in violation of his Fourth Amendment rights. To maintain a cause of action under §1983, Plaintiff must establish that (1) the alleged conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution and/or laws of the United States. *See Hicks v. Feeney*, 770 F.2d 375, 377 (3d Cir. 1985). Because Defendant Barth is a police officer clothed in the authority of the state, the state action requirement of the first prong has been met. *See Davidson v. O'Lone*, 752 F.2d 817, 826 (3d Cir. 1985). What needs now to be resolved is whether Defendants' conduct deprived Plaintiff of any right secured by the Constitution or a federal law.

*§1983 Claims against Defendant Barth*
*a. False Arrest*

Plaintiff's §1983 claim is premised on his alleged false arrest. In their motion to dismiss, Defendants argue that this claim fails, as a matter of law, because (1) the arrest was made with probable cause, as determined by a neutral magistrate, and (2) Plaintiff has not alleged the facts necessary to substantiate a challenge to the arrest warrant.

As the parties acknowledged in their briefs, the central inquiry underlying Plaintiff's false arrest claim is whether Defendant Barth, at the time of the arrest, had probable cause to arrest Plaintiff. *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *Spiker v. Whittaker*,

---

5 Plaintiff repeats his §1983 claim for malicious prosecution at Count III along with a state claim for malicious prosecution.

553 F.App'x 275, 278 (3d Cir. 2014). "The proper inquiry in a section §1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995). Recently, the Third Circuit Court of Appeals defined "probable cause" as follows:

> Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested. A police officer may be liable for civil damages for an arrest if "no reasonable competent officer" would conclude that probable cause exists.

*Spiker*, 553 F.App'x at 278 (citations omitted); *see also Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997). As such, a determination of probable cause must consider the totality of the circumstances and assess the knowledge of the arresting police officer at the time of the arrest. *United States v. Stubbs*, 281 F.3d 109, 122 (3d Cir. 2002). Further, "because '[p]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction, . . . the evidentiary standard for probable cause is significantly lower than the standard which is required for conviction.'" *Shelley v. Wilson*, 339 F. App'x 136, 138 (3d Cir. 2009) (citations omitted).

Where a plaintiff was arrested pursuant to a facially valid warrant, however, a court may only find probable cause lacking if the arresting officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant" and "such statements or omissions [were] material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)); *see also Eckman v. Lancaster City*, 529 F. App'x 185, 186 (3d Cir. 2013). An officer makes an assertion with reckless disregard for

the truth "when viewing all the evidence, [the officer] must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Wilson*, 212 F.3d at 788.

Although Plaintiff baldly alleges in his amended complaint that Defendant Barth lacked probable cause to arrest him, he does not allege that the warrant issued for his arrest was invalid. In addition, Plaintiff makes no allegations in his amended complaint that Defendant Barth made false statements or omitted exculpatory information in his application for the arrest warrant or unreasonably relied on the warrant. In fact, Plaintiff makes no factual allegations whatsoever with regard to either the warrant or the affidavit of probable cause prepared and submitted as application for the warrant. Having failed to allege the facts necessary to challenge the existence of probable cause for an arrest made pursuant to an arrest warrant, Plaintiff's §1983 claim for false arrest fails, *as pled*, as a matter of law.[6]

*b. Malicious Prosecution*

Defendants also argue that Plaintiff's §1983 claim based on malicious prosecution must be dismissed because Plaintiff has failed to allege sufficient facts to establish that he was deprived of his liberty as a consequence of a legal proceeding. Notably, in his response, Plaintiff offers no argument in response to this challenge.

To plead a viable claim for malicious prosecution, a plaintiff must plead facts to support the following: (1) defendant initiated a criminal proceeding; (2) the criminal proceeding ended in Plaintiff's favor; (3) defendant initiated the proceeding without probable cause; (4) defendant

---

6 When a plaintiff "bases her malicious prosecution claim on alleged Fourth Amendment violations arising from her arrest and prosecution" for the same offense, the establishment of probable cause under the false arrest claim "also disposes of [the plaintiff's] remaining §1983 claim [for] malicious prosecution." *Wright v. City of Philadelphia*, 409 F.3d 595, 604 (3d Cir. 2005). As such, Plaintiff's §1983 claim for malicious prosecution fails for these same reasons.

acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceedings. *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007); *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998). In *DiBella v. Borough of Beachwood*, 407 F.3d 599 (3d Cir. 2005), the Third Circuit Court of Appeals found there to be no seizure "significant enough" to constitute a violation of the Fourth Amendment where the plaintiffs were never arrested, never required to post bail, were free to travel, were not required to report to pretrial services and were required to attend pretrial and trial hearings. *Id.* at 601 and 603.

Here, Plaintiff was arrested, but was not held in custody, required to post bail, report to pretrial services, or deprived of his liberty to travel for Fourth Amendment purposes. As evidenced in the court docket pertaining to his underlying criminal proceeding, which Plaintiff has not refuted, Plaintiff was not detained but, instead, was released on unsecured bail.[7] Accordingly, Plaintiff has not alleged facts to plausibly show that he was deprived of a liberty interest sufficient to substantiate a Fourth Amendment claim and, therefore, his claim fails as a matter of law. *Cf.*, *Penberth v. Krajnak*, 347 F.App'x 827, 829 (3d Cir. 2009) (finding that being arrested and detained for 35 to 40 minutes without being required to post bail, contact pretrial services regularly, or limit travel was insufficient to constitute a seizure); *Bartow v. Thomas*, 2014 WL 2993786, at *5 (W.D. Pa. July 2, 2014) (finding that the plaintiff failed to sufficiently allege a deprivation of liberty, even if he had been arrested, where he was released on his own recognizance, was not required to report to pretrial services and was not subject to any travel restrictions); *Gebhart v. Steffen*, 2013 WL 1624194, at *2 (M.D. Pa. Apr. 15, 2013) (finding that the plaintiff had failed to allege a constitutionally significant deprivation of liberty sufficient to

---

[7] When ruling on a motion to dismiss, this Court may consider matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

plead her malicious prosecution claim where she was arrested, her bail was set at $100,000 and she was required to attend pretrial court proceedings but she was not required to report to pretrial services and her travel was not restricted); *Lopez v. Maczko*, 2007 WL 2461709, at *3 (E.D. Pa. Aug. 16, 2007) (finding insufficient seizure for a Fourth Amendment claim where the only seizure was the plaintiff's arrest which occurred prior to criminal proceedings).

*Monell Liablity – Policy or Custom*

At Count II of the amended complaint, Plaintiff asserts a so-called *Monell* claim against Defendant Chester Township based upon its purported policies and/or customs that allegedly permitted and/or encouraged Defendant Barth to unlawfully arrest Plaintiff and its failure to train Defendant Barth with regard to the constitutional, statutory and departmental limits of his authority. These two *Monell* claims will be analyzed separately.

It is well-settled that a municipality may not be held liable under §1983 for constitutional violations caused solely by its employees or agents under the principle of *respondeat superior*. *Monell v. New York Department of Social Services*, 463 U.S. 658, 690 (1978). Rather, a municipality may only be held liable under §1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Id.* at 694. That is, liability may only be imposed on a municipality where its official "policy or custom" "causes" an employee to violate another's constitutional rights. *Id.*; *see also Brown v. School Dist. of Philadelphia*, 456 F. App'x 88, 90 (3d Cir. 2011) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 135 (3d Cir. 2010)).

"To satisfy the pleading standard, [plaintiff] must identify a custom or policy, and specify what that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009)

(citing *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)). In addition, a plaintiff must allege facts showing that municipal policymakers established or maintained a policy or custom which caused a municipal employee to violate a plaintiff's constitutional rights. *Monell*, 463 U.S. at 694. The policy must be the "moving force" behind the constitutional tort. *Id.*; *see also McLaughlin v. Cunningham*, 2014 WL 1225935, at *9 (E.D. Pa. March 25, 2014). Thus, a plaintiff must allege facts showing an "affirmative link" or "plausible nexus" between the custom or practice and the alleged constitutional violation. *Bielevicz v. Dubinon*, 915 F.2d 845, 850-51 (3d Cir. 1990); *see also Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004). The custom or policy must also exhibit deliberate indifference to the constitutional rights of those it affects. *Beck v. City of Pittsburgh*, 89 F.3d 966, 972 (3d Cir. 1996).

As set forth by the Third Circuit Court of Appeals:

> A government policy or custom can be established in two ways. Policy is made when a "decision maker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well-settled" as to virtually constitute law.

*Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

"[C]ustom requires proof of knowledge and acquiescence by the decisionmaker." *McTernan*, 564 F.3d at 658. In either instance, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz*, 915 F.2d at 850; *see also Andrews*, 895 F.2d at 1480. Widespread behavior by police officers does not amount to a municipal custom unless there is "knowledge and acquiescence by the decisionmaker." *McTernan*, 564 F.3d at 658 (citing *Watson v. Abington Twp.*, 478 F.3d 144, 156 (3d Cir. 2007)). A complaint that contains

no allegations regarding a municipal policy or custom cannot survive a motion to dismiss. *Breslin v. City & County of Philadelphia*, 92 F.R.D. 764, 765 (E.D. Pa. 1981).

Here, Plaintiff contends that Defendant Chester Township is subject to municipal liability for the alleged constitutional violations committed by Defendant Barth because he was allegedly acting pursuant to an official policy or municipal custom. In the amended complaint, however, Plaintiff sets forth only threadbare formulaic recitals of the *Monell* buzz words and the requisite elements for his cause of action, but not the requisite facts to support any of these claims. As set forth above, the "formulaic recitation of the elements of a cause of action will not do." *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555). Though Plaintiff alleges that Defendant Chester Township "as a matter of policy and practice failed to discipline, train, supervise or otherwise sanction police officer Richard Barth," the amended complaint is completely devoid of any factual allegations that could support either the existence of such a policy or practice, or that such a policy or practice caused the alleged deprivation of his constitutional rights. Rather, Plaintiff's amended complaint contains only bald and otherwise conclusory assertions that such a policy existed, but not the requisite facts to establish its existence. Apart from his broad conclusions and recitation of the elements of his claim, the only factual allegations in his amended complaint pertain solely to the single incident involving Plaintiff and Defendant Barth. Without more, Plaintiff has not pled sufficient facts to plausibly show that the actions of Defendant Barth were sufficiently persistent and widespread to constitute a municipal policy or custom for which Defendant Chester Township could be liable. *Cf.*, *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989) ("A single incident by a lower level employee acting under color of law . . . does not suffice to establish either an official policy or a custom.").

In light of the case law, this Court concludes that Plaintiff's averments regarding Defendant Chester Township's alleged customs and policies do not satisfy the *Twombly* pleading requirements as they are merely unsubstantiated assertions and conclusions which fail to state a claim upon which relief can be granted.

Further, Plaintiff has also failed to identify any municipal policymaker who adopted an unconstitutional policy or custom. A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case. *See Bielevicz*, 915 F.2d at 850 (holding that a plaintiff "must show that an official who has the power to make policy is responsible for either the affirmative affirmation of a policy or acquiescence in a well-settled custom."); *see also Davis v. City of Philadelphia*, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue."). Here, Plaintiff has neither identified a policymaker nor has alleged that such a policymaker created a wrongful policy or custom. Thus, he has not alleged facts that could show that a policymaker was "deliberately indifferent" to Plaintiff's constitutional rights. Absent such factual allegations, Plaintiff's *Monell* claims against Defendant Chester Township are dismissed.

*Monell Liablity – Failure to Train*

Plaintiff also contends that Defendant Chester Township failed to adequately train Defendant Barth "with respect to the constitutional, statutory and departmental limits of his authority," and is, therefore, subject to municipal liability for the alleged constitutional violations committed by him. Like the previous claim discussed above regarding "custom and/or policy," this particular failure to train claim, as well, fails to meet the pleading requirements of *Twombly*.

A municipality's failure to adequately train its officers, agents and employees may give rise to a cause of action under §1983, but "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police came into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). However, "[a] municipality's culpability for deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, __ U.S. __, 131 S.Ct. 1350, 1359 (2011). Indeed, the Third Circuit Court of Appeals has stated that "[e]stablishing municipal liability on a failure to train claim under §1983 is difficult." *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997).

To meet the deliberate indifference standard, a municipality's failure to train must reflect a deliberate or conscious choice made by municipal policymakers and must be the cause of the alleged constitutional violation. *Harris*, 489 U.S. at 389-90. Generally, inadequate training can only amount to the requisite deliberate indifference "where the failure to train has caused a pattern of violations." *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000); *see also Connick*, 131 S.Ct. at 1360 ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train.") (quoting *Bd. of Cnty. Com'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997)).[8]

While Plaintiff here alleges that the constitutional deprivations were caused by Defendant Chester Township's inadequate training of Defendant Barth, he fails to allege facts sufficient to show that the alleged inadequate training amounted to Defendant Chester Township's deliberate indifference to the need for such training. Initially, Plaintiff has failed to identify the specific training Defendant Chester Township should have provided that would have prevented the

[8] Only under a narrow set of circumstances can deliberate indifference be shown absent a pattern of prior violations. *See Connick*, 131 S.Ct. at 1366. To do so, a plaintiff must show that a constitutional violation was sufficiently foreseeable such that a single occurrence could establish a municipality's deliberate indifference. *See City of Canton*, 489 U.S. at 390.

alleged constitutional violations. *See Reitz*, 125 F.3d at 145 (affirming dismissal where plaintiff failed to identify "the specific training the County should have offered which would have prevented the deprivation of their constitutional rights. . . ."). In addition, though Plaintiff alleges that "other similar incidents have occurred in the past involving defendant Richard Barth," he has provided no facts to substantiate those prior incidents. As such, Plaintiff has failed to allege facts that could establish that Defendant Chester Township was deliberately indifferent to the need to provide Defendant Barth training or that this failure was the actual cause of Plaintiff's injuries. *See Reitz*, 125 F.3d at 145.

*Leave to Amend*

The Third Circuit Court of Appeals has directed district courts to provide a civil rights plaintiff an opportunity to file an amended complaint where the original complaint is subject to dismissal under Rule 12(b)(6), "unless such an amendment would be inequitable or futile." *See Phillips*, 515 F.3d at 245. Because this Court is not able to conclude at this time that such amendment would be either inequitable or futile, Plaintiff is given twenty (20) days from the filing date of the accompanying Order to file a second amended complaint consistent with the analysis set forth herein.

*Plaintiff's State Law Claims*

In the amended complaint, Plaintiff asserts state law claims for false arrest, malicious prosecution and intentional infliction of emotional distress against Defendant Barth and Defendant Tammy Strand-Yarbray. Plaintiff relies upon supplemental jurisdiction to support this Court's jurisdiction over these state law claims. (*See* Amend. Comp. at ¶6). Because this Court has dismissed all of Plaintiff's federal claims over which it has original jurisdiction, pursuant to 28 U.S.C. §1367(c)(3), it declines to exercise supplemental jurisdiction, *at this time*,

over Plaintiff's remaining state law claims, including those asserted against Tammy Strand-Yarbray. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) ("If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999); *Eberts v. Wert*, 1993 WL 304111, *5 (E.D. Pa. Aug. 9, 1993) (holding that "Courts should ordinarily decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed."). Should Plaintiff choose to file a second amended complaint, which satisfies the *Twombly* standard with regard to Plaintiff's federal claims, this Court will reconsider whether to exercise supplemental jurisdiction over Plaintiff's state law claims.

**CONCLUSION**

For the reasons stated herein, Defendants' motion to dismiss is granted. Should Plaintiff choose to file a second amended complaint, he has twenty (20) days from the date of the docketing of this Memorandum Opinion and accompanying Order, to do so. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.